# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SURESH SURI,
    Appellant,

    v.

DEPARTMENT OF THE AIR FORCE,
    Agency.

DOCKET NUMBER
SF-0432-13-0564-I-1

DATE: October 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald P. Ackerman, Esquire, Culver City, California, for the appellant.

F. Thomas Giambattista, Esquire, Wright-Patterson Air Force Base, Ohio,
 for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The agency has filed a petition for review of the initial decision, which reversed its action removing the appellant from his position based on his performance.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from his Senior Research Chemist position, effective May 31, 2013, based on his alleged failure to demonstrate an adequate level of contribution commensurate with his salary for the period from October 1, 2011, through September 30, 2012.[2] IAF, Tab 4, Subtabs 4a, 4b, 4d. Prior to his removal, the agency placed the appellant on a contribution improvement plan (CIP) between February 14, 2011, and August 19, 2011. IAF, Tab 4, Subtabs 4n, 4p, 4q. On or about September 15, 2011, the agency notified the appellant that he had passed the CIP. IAF, Tab 4, Subtab 4j; *see* IAF, Tab 4, Subtab 4k. However, at the end of the 2012 rating period, within 2 years of the

---

[2] The administrative judge found that the agency's removal action was equivalent to an action taken under 5 U.S.C. chapter 43. Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 1; *see* 75 Fed. Reg. 53,093-94 (Aug. 30, 2010). Because the appellant worked as part of a demonstration project, which waived provisions of chapter 43 to the extent necessary to allow for a contribution-based compensation system, the administrative judge found that the agency was only required to prove that it placed the appellant on a contribution improvement plan that provided him an opportunity to improve and that his contribution score fell below the required level within 2 years of the start of the CIP. ID at 4; *see* 75 Fed. Reg. 53,093-94, 53,098 (Aug. 30, 2010). Neither party disputes these findings.

beginning of the CIP, the agency determined that his performance again fell below an acceptable level relative to his salary.[3]  IAF, Tab 4, Subtabs 4d-4g.

¶3    The appellant filed an appeal with the Board regarding his removal and requested a hearing.  IAF, Tab 1.  He argued, inter alia, that his performance was not inadequate.  *Id.* at 6.  He also raised affirmative defenses of age and national origin discrimination, as well as reprisal for engaging in protected equal employment opportunity activity.  *Id.*; IAF, Tab 12 at 11.

¶4    After holding the requested hearing, the administrative judge issued an initial decision reversing the agency's removal action.  *See* ID.  He found that the agency did not meet its burden to prove by substantial evidence that the appellant failed to make an adequate contribution during the period at issue.  ID at 3-9.  He also found that the appellant failed to prove his affirmative defenses.[4]  ID at 9-11.

¶5    The agency has filed a petition for review, to which the appellant filed a response.  Petition for Review (PFR) File, Tabs 1, 3.  It argues that the administrative judge erred in failing to consider documentary evidence in the record, which satisfied the agency's burden to prove by substantial evidence that the appellant's performance was inadequate.  PFR File, Tab 1.

¶6    The administrative judge found that the agency's witnesses made general, conclusory assertions concerning the appellant's performance during the 2012 rating period, without providing specific examples of deficiencies that justified his low contribution score.  ID at 5-7.  We have reviewed these

---

[3] The appellant received a contribution score of 2.48 in 2012, which was considered unacceptable because it was more than 0.3 points below his expected score of 3.73. IAF, Tab 4, Subtab 4g at 1, Subtab 4l at 8.  The appellant was a Level 3 Chemist, but contribution scores between 2.0 and 2.9 correspond to Level 2 work.  IAF, Tab 4, Subtab 4g at 1, Subtab 4l at 11.

[4] The appellant did not file a petition for review, so we will not disturb the administrative judge's findings concerning his affirmative defenses.

witnesses' testimony[5] and agree with the administrative judge's assessment.[6]

¶7    On review, the agency does not appear to dispute the administrative judge's characterization of its witnesses' testimony. Rather, it argues that the administrative judge erred by focusing exclusively on the testimony at hearing and evidence in the agency file, rather than considering the record as a whole, including documentary evidence the appellant submitted. PFR File, Tab 1 at 6.

¶8    Specifically, the agency argues that the administrative judge made a material error of fact in finding that the record evidence was insufficient to explain the basis for the appellant's 2012 contribution score. *Id.* at 4-5. It asserts that its responses to the appellant's Interrogatories 9 and 10, which were included in Exhibit A of the appellant's prehearing submission, and which the administrative judge admitted into evidence, contained "dispositive" information concerning why the appellant received the contribution score he received, as compared to his colleagues' contributions and their corresponding scores. *Id.* at 5, 7.

¶9    As an initial matter, as to the agency's conjecture that the administrative judge "overlooked this significant evidence" because he did not mention it in the initial decision, we note that an administrative judge's failure to mention all of

---

[5] We also reviewed the testimony of two agency employees whom the appellant, not the agency, called as witnesses. As the administrative judge noted, both of these employees' testimony was of limited relevance. *See* ID at 8. One employee supervised the appellant until July 2011, the other employee did not begin supervising him until August 2012, and neither of these employees could comment, based on firsthand knowledge, on the appellant's performance during the 2012 rating period. *See* Hearing Compact Disc (HCD).

[6] The appellant's supervisor provided minimal specificity, testifying that the appellant failed to lead or define any projects, build teams, and secure funding. *See* HCD (supervisor's testimony). This appears inaccurate, however, because the appellant's 2012 performance appraisal indicates that his assistance on a team researching cyanate ester resins helped to secure $365,000 in funding for continued work on the project, that he served as the principal investigator on a project to develop triazole cure chemistry, and that he spoke with an individual at NASA upon learning that NASA might have renewed interest in advanced energetic hydrocarbons. IAF, Tab 4, Subtab 4g at 2.

the evidence of record does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health & Human Services*, [22 M.S.P.R. 129](), 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). We also find it curious that the agency admittedly made no reference at the hearing to this evidence, which it now claims is dispositive. PFR File, Tab 1 at 4. Notably, at the conclusion of the hearing, the administrative judge stated that he remained concerned as to whether there was sufficient evidence regarding the substantive basis for the appellant's 2012 contribution score, whether the score fairly reflected his contributions in 2012, and why the agency believed his contributions were more consistent with that of a Level 2, rather than a Level 3, Chemist. HCD at 4:25:33-4:28:40. He asked agency counsel whether there was any additional evidence regarding this issue and, more specifically, anything he could use to evaluate whether the appellant's performance was consistent with Level 2 or Level 3. *Id.* Even in response to that inquiry, the agency made no reference to Exhibit A or the information contained therein. *Id.*

¶10    In any event, we do not agree that Exhibit A can be used for comparison or that it is dispositive. Exhibit A contains a list of the overall contribution scores that seven Level 3 Chemists under the same supervisor[7] as the appellant received in 2011 and 2012, as well as summaries of five of these employees' contributions between September 30, 2010, and September 30, 2012. IAF, Tab 12 at 16, 23-42. However, a significant number of the tasks enumerated in the Exhibit A summaries are undated, so we cannot identify which of them were considered in which year when assigning scores. *Id.* at 23-41. The tasks are also grouped into four categories (outside proposals, external publications, presentations of merit in professional societies, and research/work opportunities created), without an explanation of how these categories correspond to the four criteria used to

---

[7] This individual was the appellant's first-level supervisor of record, and issued his performance evaluations, but did not actually supervise his day-to-day activities. *See* HCD (supervisor's testimony).

evaluate contributions (problem solving, communication, technology management, teamwork and leadership) and how each employee scored in each of those criteria.

¶11    The agency now argues that the appellant received a low score because he "only published one article and only worked on one experiment," whereas his colleagues made "voluminous" contributions. PFR File, Tab 1 at 7. However, the appellant's supervisor explicitly testified that, in determining contribution scores, the agency considered the quality and "worth" of employees' work and its impact on the agency's mission, more so than the quantity of their work. *See* HCD (supervisor's testimony). As an example, the supervisor noted that, although there were more tasks identified on the appellant's 2012 appraisal than his 2011 appraisal, he received a significantly higher score in 2011, because the "impact" of his contributions was greater that year. *Id.*; *see* IAF, Tab 4, Subtab 4g at 2, Subtab 4i at 2. Thus, the fact that the summaries in Exhibit A enumerate various tasks that other Level 3 Chemists performed does not allow us to conduct any meaningful comparison because we have no information regarding their relative quality or significance.

¶12    The appellant's supervisor also testified that employee contributions are measured against standards set forth in the Federal Register, but the agency has not explained how it assessed the contributions identified in Exhibit A against these published standards. *See* HCD (supervisor's testimony). Moreover, the deciding official testified that, after determining employee scores, agency managers compared employees' contributions to confirm consistency of the scores assigned for various levels of contribution. *See* HCD (deciding official's testimony). However, the agency did not submit any such comparison evidence.

¶13    The agency also asserts that the administrative judge could have compared evidence it submitted regarding the appellant's performance during the CIP—in Tabs 4j-4r of its response file—with evidence regarding his level of performance during the 2012 appraisal period to assess whether his contribution score was

reasonable. PFR File, Tab 1 at 5. Rather than conducting any specific comparison of the appellant's performance during the CIP, as compared to afterwards, the agency makes a blanket citation to nine tabs of evidence, with only the bare assertion that this evidence "could have been used as comparison to the Appellant's level of contribution during the period in question." *Id.* This is wholly insufficient to establish a basis for review. *See Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 7 (2014) (citing 5 C.F.R. § 1201.115(a)(2)); *see also* 5 C.F.R. § 1201.115(a)(2) (a petitioner alleging that an initial decision contains erroneous findings of material fact must *explain why* the challenged factual determination is incorrect). Regardless, as previously explained, we do not have the tools to conduct such a comparison on our own because the agency did not provide adequate information concerning how it evaluated various tasks when assigning contribution scores.

¶14     Based on the foregoing, we find that the agency has not established any basis for review. We therefore AFFIRM the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                     _____

                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.